399 So.2d 190 (1981)
STATE of Louisiana
v.
James C. LOCKWOOD.
No. 80-KA-2530.
Supreme Court of Louisiana.
May 18, 1981.
Rehearing Denied June 22, 1981.
*191 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jack Rowley, Dist. Atty., Glenn E. Diaz, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
William L. Crull, III, and F. Irvin Dymond, of Dymond, Crull & Castaing, New Orleans, for defendant-appellant.
MARVIN, Justice Ad Hoc.[*]
This 26-year-old defendant pleaded guilty to two counts of aggravated crime against nature (LRS 14:89.1(5)) and was sentenced to two years at hard labor to run concurrently on each count. Defendant appeals, contending that he should have been allowed to withdraw his guilty plea or at least to have had an evidentiary hearing on the motion to withdraw the plea. He also assigns as errors, the trial court's failure to grant a continuance of the sentencing in order to conduct the above mentioned hearing and the trial court's denial of his motions to traverse the pre-sentence investigation and to obtain a supplemental pre-sentence investigation. We affirm the conviction, reverse the ruling on the motion to traverse and remand for that purpose.
The alleged crimes and the filing of the bill of information on June 6, 1979, occurred before the penalty section of § 89.1 was increased by amendment in 1979. The bill charged Lockwood with engaging in two acts of unnatural carnal copulation by placing his mouth on the penis of two 11-year-olds. After initially pleading not guilty, *192 Lockwood, on February 12, 1980, entered pleas of guilty to both counts. The trial judge than properly and thoroughly, in our opinion, "Boykinized" the defendant. Lockwood was represented by counsel, he understood the nature of the charges against him, he understood that he might be sentenced to 15 years hard labor, he acknowledged his awareness of his constitutional right to a trial, he was again warned of the possibility that he might be sentenced to 15 years with or without hard labor, and that his plea would deny him the right of confrontation and other constitutional rights. He answered that no promises had been made to him relative to his guilty plea, he claimed to be satisfied with the service of his counsel, and when asked if the only reason he wished to enter a plea of guilty was because he was in fact guilty, Lockwood replied, "Yes". The trial court then accepted the guilty plea and ordered a pre-sentence investigation.
On May 14, 1980, and June 9, 1980, the sentencing of Lockwood was continued because of defense counsel's prior commitments. On August 25, 1980, defendant filed a motion to withdraw his guilty plea and the next day he filed a motion to traverse the pre-sentence investigation report and asked that a supplemental PSI be ordered. On the date set for sentencing (August 27, 1980) defendant filed a motion for continuance on grounds that these motions were yet pending. The trial court denied the continuance and the pending motions and sentenced defendant to serve two 2-year concurrent sentences in the custody of the Louisiana Department of Corrections.

ASSIGNMENT OF ERRORS NOS. 1, 2, and 5:
By these assignments, Lockwood argues that the trial court erred in denying his motion to withdraw his guilty plea, in denying an evidentiary hearing on the motion, and in denying a continuance of the sentencing in order that the evidentiary hearing could be held on the plea-withdrawal motion. Defendant contends his guilty plea was entered only on the belief that he would receive a suspended sentence and probation. This was based on defense counsel's belief and advice that he alleges arose from discussions with the D.A. and the trial judge. Defendant has never seriously contended, however that an actual plea bargain or promise was made. Defendant merely contends that his counsel was led to believe that defendant would receive a suspended sentence and therefore, his guilty plea was mistakenly entered. There is no evidence in the record of any promise by the D.A. in return for the guilty plea.
Defense counsel drew inferences from several events that led to the alleged mistaken belief that probation was assured. On the day the guilty plea was entered, a letter by the parents of one of the victims was filed in the record, stating that they would have no objection to defendant being placed on probation if defendant submitted to psychiatric treatment and did not work with young people in the future. Defendant alleges that this letter was filed in response to a request by the trial judge at a conference held before the plea was entered. Defendant also claims that the D.A. knew of defense counsel's mistaken belief that a suspended sentence would be imposed and that defense counsel was told that the D.A. would not make any sentencing recommendation. The State denies these claims and asserts that the prosecutor's remarks to defense counsel were to the contrary. The trial judge, upon denying the defense motions, stated for the record his recall of the discussions with defense counsel, which we quote only in part:
"As far as the motion to withdraw the plea of guilty let me say for the record that we have been discussing this matter even before February 12, 1980 when Mr. Lockwood entered a plea of guilty in this particular matter. At that time I was asked by Mr. Cruell what my thoughts were on this matter even before a presentence investigation was ordered and I advised him that I was looking at giving Mr. Lockwood 3 years on this particular matter. This was not parish time. I advised him as far as I was concerned it would be sentence to the Department of Corrections for that period of time to serve at hard labor. After discussing *193 that with Mr. Cruell we discussed it further and I said all right that I would consider giving him two years. That was also at hard labor. In May or June when we had our discussions a request was made about the possibility of Mr. Lockwood serving time in Parish Prison here in St. Bernard Parish. At that time I advised counsel that my thoughts were still that Mr. Lockwood would be given time at hard labor but I know that a discussion was had with Sheriff McDougall by both Mr. Diaz and Mr. Cruell relative to a possibility of Mr. Lockwood serving time back there because both attorneys advised me of that particular situation at that time. Therefore, I do not feel that the motion to withdraw a plea of guilty is proper. The matter was discussed thoroughly. I can see absolutely no way shape or form that there was any misunderstanding relative to any of these matters."
Even assuming some misunderstanding, does not avail defendant. A misunderstanding does not have the same implications that a breached plea bargain has. Certainly defendant has a right to withdraw his guilty plea when such a promise or plea bargain has been made and then broken. See State v. Neitte, 363 So.2d 425 (La. 1978); Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). See also State v. Chalaire, 375 So.2d 107 (La. 1979); State v. Lewis, 366 So.2d 1355 (La. 1978).
These circumstances are more analogous to those in State v. Deakle, 372 So.2d 1221 (La. 1979). There the defendant attempted to withdraw his guilty plea upon learning that the trial judge intended to give him the maximum 35-year sentence. Defendant was fully apprised of this possibility when he entered the plea, but was told by his counsel that he would probably be facing a 10-25 year sentence based on that counsel's experience with such matters. On the basis of that (mis)understanding, the defendant sought to withdraw his guilty plea. This court upheld the trial judge's denial of the motion, stating:
"Article 559 of the Code of Criminal Procedure provides that `[t]he court may permit a plea of guilty to be withdrawn at any time before sentence.' We have interpreted that article as granting broad discretion to the trial judge. State v. Robinson, 311 So.2d 893 (La. 1975); State v. Johnson, 260 La. 902, 247 So.2d 654 (1972)....
"No reason for the trial judge's permitting withdrawal other than the foregoing is suggested in the record. Under the circumstances the trial judge did not abuse the broad discretion afforded him by Article 559. Defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. State v. Robinson, supra. It is not unreasonable for the trial judge to refuse to allow defendant the luxury of gambling on what sentence he will be given, then withdrawing his plea if and when he can discover, without imposition, that the sentence is not to his liking. See State v. Johnson, supra." 372 So.2d at p. 1222.
This reasoning applies here. We find no abuse of discretion by the trial court in denying the motion to withdraw. This holding renders the related assignments of error unmeritorious. There was no need to continue the sentencing for an evidentiary hearing on the plea-withdrawal because there was no need for such a hearing. The trial court was eminently correct in its denial of the motion to withdraw the guilty plea, particularly when defendant does not assert in his brief that there would possibly be revealed at such a hearing evidence which would alter the correctness of the trial judge's decision. The contention that both defendant and counsel were mistaken does not constitute reversible error or render the guilty plea not "free and voluntary".

ASSIGNMENT OF ERRORS NOS. 3 and 4
By these assignments defendant contends the trial court erred in denying the defense motions to traverse the PSI and *194 to obtain a supplemental PSI. The defendant alleges that false and prejudicial statements and inaccuracies are contained in the PSI. It is well established that a defendant must be given an opportunity to refute or explain such misinformation when the trial court relies upon PSI information which is materially false or invalid. State v. Bosworth, 360 So.2d 173 (La. 1978); State v. Trahan, 367 So.2d 752 (La. 1978); State v. Richardson, 377 So.2d 1029 (La. 1979). Defendant is entitled to this opportunity even where the trial court contends that its decision was unaffected by the PSI report. See Trahan, supra.
In brief, defendant cites numerous allegedly false or prejudical aspects of the PSI report.[1] These allegations legally entitle defendant to a hearing and we find that the trial court erred in this respect, even though the trial judge stated that he had already decided on the sentence before reading the PSI. Trahan, supra.
The conviction is affirmed. The ruling on the motion to traverse is reversed. The sentence is vacated and the case is remanded to allow for the traverse of the PSI and for resentencing in the light of the traverse hearing. State v. Segers, 357 So.2d 1 (La. 1978).
AFFIRMED in part, REVERSED in part, and remanded.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring in part.
The motion to withdraw the guilty plea does not allege any facts that would entitle defendant to an evidentiary hearing.
NOTES
[*] Judges Pike Hall, Jr., Charles A. Marvin, and Jasper E. Jones, of the Court of Appeal, Second Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Fred A. Blanche, Jr., and Harry T. Lemmon.
[1] (1) References to other crimes committed by defendant without any factual bases for such allegations;

(2) Admission to the probation officer by the defendant that he had performed the acts in the bill of information when all defendant said was that he had pleaded guilty to the two counts;
(3) Justification by the defendant that such actions were taken out of love, kindness and affection for the victims was taken out of context and misquoted;
(4) The opinions of neighbors were ambiguously presented;
(5) Acceptance as proven, allegations by a former employer that other crimes had been committed;
(6) Failure to state what individuals in "the St. Bernard Parish Sheriff's Office are opposed to probation."
(7) Statement that the St. Bernard Parish D.A.'s office is opposed to probation when the prosecutor told counsel that he would take no position on sentencing;
(8) Although it does not appear the reporter interviewed either of the victims or their families, the report states that the probation officer felt that irreparable harm was done to the two victims.