GULOTTA, Judge.
Jimmy King pleaded guilty to the charge of attempted simple burglary, a violation of LSA-R.S. 14:27 and 14:62, after entering into an agreement that provided he would receive probation if the presentencing investigation report so recommended. When the report recommended against probation, the defendant sought to withdraw his guilty plea. The trial judge refused. Defendant claims he was led to believe that if the report recommended against probation, and if he were gainfully employed, the trial judge would permit him to withdraw the guilty plea and enter a plea of not guilty. Defendant was represented at the hearings but by different counsel.
*662 The record contains a copy of the “Boykin form” or waiver of constitutional rights and a guilty plea signed by defendant, counsel and the trial judge. On the face of the form is a hand written notation, “PSI if reccomend [sic] probation will be given.” At the sentencing hearing, defendant testified that the trial judge who had accepted his plea had promised:
“that he’d give me probation following an examination.... I was under the impression that... as long as I was working. . .I’d get probation.”
At an October 12,1981 hearing when the guilty plea was entered, the original trial judge questioned King regarding the voluntary nature of his plea, informed him of his constitutional rights and inquired whether any promises had been made in exchange for his guilty plea. After the trial judge explained the effects of the Louisiana Habitual Offender Law (LSA-R.S. 15:529.1) and the court again inquired of the voluntary nature of defendant’s plea, the judge ordered a presentence investigation.
On June 23, 1982, a sentencing hearing was conducted at which the trial judge denied King’s oral motion to withdraw the guilty plea and continued the sentencing hearing to a future date.
At the July 23,1982 sentencing, the unfavorable presentence investigation report . was received and King sought to withdraw the guilty plea. Although the report is not contained in the record, it is clear that King’s four prior convictions,[1] under an assumed name, influenced the unfavorable report.
In denying defendant’s motion to withdraw his guilty plea, the trial judge reviewed the four prior convictions and stated:
“The court has no evidence whatsoever of any mitigating or extenuating circumstances .... ”
Despite defendant’s claim that an agreement had been made with the State and the trial judge that he could withdraw his guilty plea if an unfavorable report was made, the record in our case does not support this conclusion. It is silent concerning any agreement if the PSI recommended against probation. Only the defendant testified at the hearing on his request to withdraw the guilty plea. Neither the defense attorney who represented the defendant at the time of the plea agreement, the trial judge who accepted the plea,[2] nor the district attorney was called to testify. Further, no minute entry was made indicating any such agreement.
LSA-C.Cr.P. Art. 559 provides: “The court may permit a plea of guilty to be withdrawn at any time before sentence.” The discretion to permit a guilty plea to be withdrawn is vested in the trial judge, and is not to be exercised arbitrarily. See State v. Compton, 367 So.2d 844 (La.1979). A guilty plea is constitutionally infirm when the State does not fulfill an express or implied part of the plea bargaining agreement which precipitated defendant’s decision to so plead, and due process may be offended both when there is a promise which is later broken and when the defendant justifiably believes that there is a promise which is later broken. See State v. Hayes, 423 So.2d 1111 (La.1982).
In limited circumstances, such as a failure to uphold an agreement or change an agreement, the Louisiana Supreme Court has held that a defendant should be allowed to withdraw his guilty plea. In State v. Chalaire, 375 So.2d 107 (La.1979), unlike the instant case, the record indicated that defendant had been promised suspended sentences and probation in return for his guilty pleas. After the trial judge changed his mind and withdrew his promise, but did not *663 give the defendant an opportunity to withdraw his guilty plea, the Supreme Court vacated the sentences and remanded the matter to the trial court.
In State v. Galliano, 396 So.2d 1288 (La. 1981), the defendant was allowed to withdraw his guilty plea after the trial judge determined he had misled the defendant when accepting the plea. Likewise, in State v. Hayes, supra, the defendant was allowed to withdraw his guilty pleas because they had been induced by either an implied promise by the district attorney or the defendant’s justifiable belief that no multiple bill would be filed against the defendant or that he would be sentenced to a term greater than four years.
On the other hand, our Supreme Court has not allowed a defendant to withdraw a guilty plea where no express statements or agreements were made. See State v. Lockwood, 399 So.2d 190 (La.1981). In the Lockwood case, the defendant contended he had entered his guilty plea believing he would receive a suspended sentence and probation. He based his belief on discussions his attorney had with the district attorney and the trial judge. The Louisiana Supreme Court pointed out that defendant never seriously contended an actual promise or plea bargain had been made, and there was no evidence in the record of any promise by the district attorney in return for the guilty plea. Further, the Court went on to note that a misunderstanding does not have the same impact as a breached promise.
In State v. Deakle, 372 So.2d 1221 (La. 1979), a defendant was not allowed to withdraw his guilty plea where the trial judge had made no promises but the defendant’s attorney expressed to his client the belief that the sentence “based on the attorney’s experience” would be between ten and twenty-five years and the trial judge in fact intended to impose a thirty-five year sentence.
Our case falls more within the Lockwood and Deakle situations rather than those in Chalaire, Galliano and Hayes. Under these circumstances, we find no abuse of the trial court’s discretion in refusing to allow defendant to withdraw his guilty plea. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. At the July 23, 1982 sentencing hearing, defendant testified that he “possibly” had four convictions under the name Allen Dale McCord. The trial judge noted defendant had been convicted on January 29, 1975 for burglary and sentenced one to five years; on March 4,1976 for possession of burglary tools; and on March 21, 1977 for attempted felony burglary and a further offense.

. The judge who accepted the guilty plea was not the same judge who imposed the subsequent jail sentence.