DOMENGEAUX, Judge.
On March 11, 1983, the defendant, Charles Ray Smith, pleaded guilty to simple possession of marijuana, in violation of *176 La.R.S. 40:966, possession of a schedule IV C.D.S. with intent to distribute, a violation of La.R.S. 40:964[1] possession of a schedule III C.D.S. with intent to distribute, in violation of La.R.S. 40:964,[2] and possession of a schedule II C.D.S., in violation of La.R.S. 40:967. He was subsequently sentenced to serve six months in the parish jail on the charge of simple possession of marijuana. He was sentenced to five years on each of the three felony charges, with all four sentences to run concurrently. It is from these convictions and sentences that the defendant has, upon this appeal, perfected three assignments of error.
MERITS
ASSIGNMENT OF ERROR NO. 1
By this assignment defendant argues that the trial court erred in accepting the defendant’s guilty pleas and then sentencing him in excess of a plea bargaining agreement.
The trial judge indicates that the policy of the court is to provide that all criminal trials be discussed in a pre-trial conference. This case was scheduled and dialogized on February 16, 1983. What was said and what was meant, as to the defendant’s punishment, appears to be in conflict.
At the time of the defendant’s guilty pleas, on March 4, 1983, defense counsel filed, into the record, an affidavit of understanding of maximum penalty and constitutional rights. In this affidavit, the essence of the plea negotiations are set forth. Attached to the affidavit is the purported transcript of notes taken by the trial judge’s secretary during the pre-trial conference. This transcript sets out the sentence allegedly promised to the defendant:[3] either a suspended sentence and a $500.00 fine, for a favorable pre-sentence report, or one year in the Department of Corrections, for an unfavorable report. The defendant was given three five-year sentences for the felony convictions and a six-month sentence on the possession of marijuana charge. All sentences were to run concurrently. It is apparent that defense counsel did not intend to advise his client to plead guilty to the sentence given. The minutes indicate that both trial counsel and appellate counsel for the defendant, made a motion to withdraw the guilty pleas at a post-sentencing hearing. The motion was denied; however, both attorneys still felt that there had been a misunderstanding between what was intended and what was understood.
The trial judge, in a per curiam opinion, alluded to what he understood the results of the plea bargain negotiations to be. If the defendant had a favorable pre-sentenc-ing report, without any serious, previous criminal activity, he would receive six (6) months on the misdemeanor charge and a sentence of one (1) year with the Department of Corrections, with all sentences suspended and the defendant placed on super *177 vised probation. The trial judge makes no mention, in his per curiam, as to what, if any, sentence was agreed on for the defendant, in the event of an unfavorable presentence report.
It is well settled that when a guilty plea is induced by a plea bargain or by what a defendant justifiably believes is a plea bargain, and that bargain is not kept, defendant is denied due process of law because the guilty plea was not freely and knowingly given. State v. Hayes, 423 So.2d 1111 (La.1982).
The question is whether this defendant was induced to plead guilty by a promise or what he justifiably believed was a promise from the court to follow certain sentencing guidelines.
The record in this instance is quite convincing that there was no meeting of the minds between the State, defense counsel and the trial court. While the trial judge gives legitimate reasons for his sentence, the transcript of the pre-trial conference substantiates defense counsel’s understanding of how the defendant-would be sentenced.[4] If defense counsel advised his client to plead guilty, based on his understanding of the terms of the bargaining arrangement, the guilty plea was not knowingly and intelligently made. If this is the case then the defendant’s assignment has merit.
However, another case, State v. Lockwood, 399 So.2d 190 (La.1981), draws a distinction between a breached promise and a misunderstanding. A misunderstanding does not have the same implications that a breached plea bargain has. While it is clear that there were certain promises made if the defendant were to have a favorable pre-sentence investigation, it is not as definite as what would occur with an unfavorable pre-sentence report. The contention that both defendant and counsel were mistaken does not constitute reversible error or render the guilty plea not “free and voluntary”. State v. Lockwood, supra. The facts of this case are distinguishable from the Lockwood case. Here it is evident that some bargain was intended. The details appear to be clearly set out in the documents contained in the record. However the trial judge did not follow these guidelines. He either breached the bargain or did not clearly communicate his intentions to the defendant.
We believe both defendant and defense counsel were justified in their understanding of the plea bargaining arrangement. Inasmuch as their well-founded beliefs are supported by the record, then the plea bargain to that extent has been breached. We therefore feel that in the interest of justice we are compelled to remand this case to the trial court with instructions to the trial judge that defendant be allowed to withdraw his guilty pleas.
Because we find merit in defendant’s first assignment of error we find it unnecessary to pass on his second and third assignments dealing with the sentencing procedure and the excessiveness of the sentence imposed.
DECREE
For the above and foregoing reasons defendant’s sentences are vacated and the -case is hereby remanded to the district court with instructions to the trial judge to allow defendant to withdraw his guilty pleas and to conduct any further proceedings that may follow in connection with this case.
SENTENCE VACATED AND CASE REMANDED.

. The bill of information, No. 75,977, charges the defendant with a violation of La.R.S. 40:964. As La.R.S. 40:964 deals with the composition of schedules, the statute cited appears to be improper. If an indictment states the essential facts of an offense charged, an error or omission in the statutory citation does riot warrant reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. La.C.Cr.P. art. 464; State v. Johnson, 404 So.2d 239 (La.1981). The proper cite should be La. R.S. 40:969.

. The proper cite should be La.R.S. 40:968. (See Footnote No. 1).

. The transcript reads as follows:

"Charles Ray Smith

D.A. said that they had one misdemeanor and rest possession of controlled substances. D.A. does not have him shown with a prior record. Atty. Murphy asked Court if he would wait until pre-sentence investigation is completed to decide on sentence. The Court will fine him $500 on simple possession; on the Schedule II, III, and IV, if the pre-sentence shows no serious previous convictions, he will be given a suspended sentence. If the pre-sentence shows that he is a dealer or if he has a previous record, he will be given 1 year sentence with the Dept, of Correction or something like that; depends on what the pre-sentence reveals. The Court advised that if he wants to go to trial and the jury finds him guilty, he will be given a 5 year sentence. with the Dept, of Corrections; if he pleads guilty, he will receive I year with the Dept, of Corrections; restitution to the Indigent Defender Board."

. However, it is noted that the transcribed notes are merely attached to the affidavit of understanding of maximum penalty and constitutional rights and are not an official court record. Nevertheless, they are in the record and they convince us that defendant and his attorneys were justified in their belief that the plea bargain was breached.