DOUCET, Judge.
The defendant was indicted by a Natchi-toches Parish Grand Jury and charged with second degree murder, a violation of LSA-R.S. 14:30.1. The court appointed an attorney to represent the defendant and, upon arraignment, he pled not guilty. A jury trial was set for April 15, 1985. On February 22, 1985 the defendant entered into a plea bargain agreement whereby defendant agreed to plead guilty to the reduced charge of manslaughter. The court agreed to sentence the defendant to a term of not less than ten and not more than twelve years.
Following a complete Boykinization of defendant, and having satisfied himself that defendant was entering his guilty plea knowingly and voluntarily with a full understanding of the rights waived thereby, the trial judge accepted defendant’s plea of guilty of manslaughter on February 22, 1985 and a pre-sentence investigation was ordered returnable on March 22, 1985. On this latter date defendant requested he be allowed to withdraw his guilty plea. His request was denied. The trial judge subsequently sentenced defendant to serve ten years at hard labor with the Department of Corrections.
Through two assignments defendant argues on appeal that the trial court erred in denying his motion to withdraw his guilty plea prior to sentencing. The defendant contends that he timely requested he be allowed to withdraw his plea and that he did not fully understand the consequences of his guilty plea.
C.Cr.P. Art. 559 provides in pertinent part:
“The court may permit a plea of guilty to be withdrawn at any time before sentence.”
The determination of whether or not defendant has sufficient grounds for withdrawing the plea is entirely in the trial judge’s discretion. Of course, that discretion must not be exercised arbitrarily. State v. Johnson, 406 So.2d 569 (La.1981).
“The discretion to permit a guilty plea to be withdrawn is vested in the trial judge, and is not to be exercised arbitrarily. * * * A guilty plea is constitutionally infirm when the state does not fulfill an express or implied part of the , plea bargaining agreement which precipitated defendant’s decision to plead, and due process may be afforded both when there is a promise which is later broken and when the defendant justifiably believes that there is a promise which is *1078 later broken.” (Citations omitted.) State v. King, 436 So.2d 661 (La.App. 4th Cir.1983).
See also, State v. Jenkins, 419 So.2d 463 (La.1983).
Defendant does not argue, nor is there any indication in the record, that any promise, made under the plea bargain agreement, was broken. The agreement reached between defendant and the district attorney provided that, in exchange for a plea of guilty of manslaughter, the court would sentence defendant to not less than ten years nor more than twelve years. In accordance with that agreement, following a pre-sentence investigation, defendant was sentenced to serve ten years at hard labor in the custody of the Louisiana Department of Corrections.
It is clear from the record that defendant was fully Boykinized and knowingly and voluntarily entered a plea of guilty pursuant to a valid plea bargain agreement. Defendant alleges that he didn’t finish high school and thus did not understand the consequences of pleading guilty. The record does not support this claim. The defendant was questioned extensively until the trial judge was satisfied that defendant knew and understood the rights he waived by entering a plea of guilty. There is no indication whatsoever that the trial judge was arbitrary in denying defendant’s motion to withdraw the plea. These contentions are without merit.
For these reasons the conviction and sentence are affirmed.
AFFIRMED.