# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-116

**STATE OF LOUISIANA**

**VERSUS**

**ROY D. ROE**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 03-645
HONORABLE ALLEN A. KRAKE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## MARC T. AMY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED. REMANDED WITH INSTRUCTIONS.**

**Herman A. Castete**
**Post Office Box 428**
**Winnfield, LA 71483**
**(318) 628-3592**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Roy D. Roe**

**James D. White, Jr.**
**Assistant District Attorney**
**35th Judicial District Court**
**Post Office Box 309**
**Colfax, LA 71417**
**(318) 627-3205**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

AMY, Judge.

The defendant pled guilty to one count of aggravated second degree battery in violation of La.R.S. 14:34.7, and was sentenced to serve three years at hard labor and pay restitution to the victim. The defendant appeals, asserting that he pled guilty based on the belief that he would receive a probated sentence as part of his plea agreement. He alleges that the trial court erred in not determining that he understood that his sentence could be imposed at hard labor, and in not allowing him to withdraw his guilty plea after his sentencing. For the following reasons, we affirm, and remand with instructions.

**Factual and Procedural Background**

According to the factual basis provided by the State at the defendant's guilty plea hearing, on August 31, 2003, the defendant, Roy D. Roe, entered a residence where his estranged wife was residing. He found her and Darren Treadway in the bedroom and began to strike Mr. Treadway repeatedly, causing him serious injuries which required his hospitalization for twelve days. When the police apprehended the defendant later that afternoon, they found blood on his hands. He subsequently provided a statement that he had gone to the residence and beaten Mr. Treadway.

The State charged the defendant by bill of information on October 14, 2003 with one count of aggravated burglary, in violation of La.R.S. 14:60(3), and one count of second degree battery, in violation of La.R.S. 14:34.1. On May 10, 2004, the day the matter was scheduled for jury trial, the State amended the bill of information to charge the defendant with aggravated second degree battery, in violation of La.R.S 14:34.7. On the same day, the defendant indicated that he wished to plead guilty to the aggravated second degree battery charge, and the trial court conducted a *Boykin* hearing. During the guilty plea hearing, the district court advised

the defendant of his rights, the State offered a factual basis for the plea, the parties waived all motions, and the trial court accepted the defendant's guilty plea.

After accepting the defendant's guilty plea, the district court ordered a pre-sentence investigation and set the sentencing hearing for July 22, 2004. At the sentencing hearing, the trial court listened to a victim impact statement given by the victim's mother and reviewed its findings based on the pre-sentence investigation report. Based thereon, the district court sentenced the defendant to serve three years at hard labor, recommended participation in an impact program, and ordered the defendant to pay $56,000.00 in restitution to the victim for medical expenses.

On August 20, 2004, the defendant filed a "Motion for Reconsideration of Sentence and in the Alternative, Withdrawal of Guilty Plea[.]" Following a hearing on December 15, 2004, the trial court denied the motion. The defendant now appeals, asserting the following assignments of error:

> **ASSIGNMENT OF ERROR NO. 1**[.] The trial court erred by not informing the defendant of, and determining that he understood the nature of the charge to which he pled, as well as the maximum sentence provided by law.

> **ASSIGNMENT OF ERROR NO. 2**[.] The trial court erred in not allowing the defendant to withdraw his plea of guilty as not being knowing and voluntary when he was advised that he was to be given a probated sentence under [Louisiana] Code of Criminal Procedure Article 893 and then was sentenced to a term of imprisonment of 3 years at hard labor.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After reviewing the record, we have found that there is one error that requires correction.

2

Our review indicates that the trial court failed to advise the defendant of the prescriptive period for filing for post-conviction relief as required by La.Code Crim.P. art. 930.8.[1]  Therefore, the trial court is directed to inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings.  *See State v. Burgess,* 04-121 (La.App. 3 Cir. 6/16/04), 876 So.2d 263.

*Defendant's Understanding of Guilty Plea*

For his first assignment, the defendant asserts that the trial court did not inform him of the nature of the charge he was pleading guilty to or the maximum sentence for the charge, and also that the court did not "determin[e] that he understood" that information.

The defendant first argues in his appellate brief that La.Code Crim.P. art. 556.1(A)(1) "clearly states that the court must personally inform the defendant in open court of the nature of the charge and the maximum penalty provided by law." The defendant contends that the failure of the trial court to comply with La.Code Crim.P. art. 556.1 requires a reversal of his guilty plea as neither knowing nor voluntary.

Louisiana Code of Criminal Procedure Article 556.1(A)(1) provides:

> A. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:

---

[1] Louisiana Code of Criminal Procedure Article 930.8(C) states the following:

> At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing. If a written waiver of rights form is used during the acceptance of a guilty plea, the notice required by this Paragraph may be included in the written waiver of rights.

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

We first consider the defendant's argument that the trial court did not inform him of the maximum penalty for the offense. However, the record does not support the defendant's allegation, as demonstrated by the following excerpt from his guilty plea colloquy:

> BY THE COURT: Do you understand that you [sic] pleading guilty to one count of aggravated second degree battery in violation of La.R.S. 14:34.7?
>
> BY THE DEFENDANT: Oh. Yes, sir.
>
> BY THE COURT: And that carries a fifteen years at hard labor and/or a ten thousand dollar fine? Do you . . .
>
> BY THE DEFENDANT: Yeah.

Additionally, the trial court asked the defendant's attorney if he had advised the defendant of the minimum and maximum penalties provided by law for the offense and if the defendant had understood. The defendant's attorney responded affirmatively to both questions. Therefore, we find that the defendant was properly apprised of the maximum possible penalty for his charge of aggravated second degree battery.

Turning to the defendant's challenge to the sufficiency of the trial court's description of the nature of the offense, we note that this court has considered a similar issue in *State v. Whiddon*, 99-1 (La.App. 3 Cir. 6/2/99), 741 So.2d 797. In *Whiddon,* the defendant had been charged with "the single felony offense of driving while intoxicated, third offense" and the trial court's only description of the charge to the defendant at sentencing was that he had been charged with "DWI third

4

offense." *Id.* at 800. This court considered the trial court's failure to inform the defendant of the nature of the charge on error patent review, stating:

> We find this advice [given by the trial court at sentencing] sufficient since driving while intoxicated is fairly straightforward. On the other hand, the trial court did not read the elements of the offense, and it did not give any explanation regarding the prior offenses element. For this reason, this court finds that the trial court did not satisfy the requirements of article 556.1(A)(1). Nevertheless, "since this requirement is a statutory requirement, rather than a constitutional requirement (as is the requirement that the trial court inform the Defendant of the three *Boykin* rights), and the Defendant does not allege any misunderstanding as to the nature of the charges to which he pled," nor is there any indication from the *Boykin* analysis, which follows, that his plea was involuntary. Accordingly, we find the error harmless.

*Id.* at 800 (citing *State v. Longnon*, 98-551, p.7 (La.App. 3 Cir. 10/28/98), 720 So.2d 825, 829).

This court considered the issue again where a defendant's guilty plea colloquy did not indicate that he had been informed of the specific elements of his manslaughter charge. *State v. Morrison*, 99-1342 (La.App. 3 Cir. 3/1/00), 758 So.2d 283. This court noted that the defendant had been properly *Boykinized,* and informed of the sentencing exposure and factual basis. Thus, considering the fact that the defendant had not alleged a lack of understanding, the trial court's failure to delineate the specific elements of the charge was found to be harmless error. *Id.* at 284-85.

In the instant matter, our review indicates that the record supports the defendant's assertion that the trial court did not list the elements of the offense at the sentencing hearing. However, as in *Morrison,* our review indicates that the defendant was properly *Boykinized*, informed of the factual basis for the charge and informed of the possible sentencing exposure. Furthermore, the defendant does not allege on appeal that he did not understand the nature of the charge against him, merely that the district court did not ascertain that he understood. Based on these circumstances, we

5

find the trial court's failure to list the specific elements of the defendant's charge to be harmless error.

Finally, we consider the defendant's assertion that the sentencing hearing did not comply with La.Code Crim.P. art. 556.1(A)(1) because the trial court did not inform him that aggravated second degree battery would be designated as a crime of violence, which would mandate that the defendant serve eighty-five percent of his sentence before becoming eligible for parole or good time release under La.R.S. 15:574.4(B).[2]

In *State v. Herrington*, 32,858 (La.App. 2 Cir. 12/8/99), 749 So.2d 862, the second circuit considered a similar argument presented by a defendant who had not been informed that he would have to serve eighty-five percent of his sentence before he could obtain parole following his plea of guilty to aggravated battery. In *Herrington*, the second circuit stated:

> In *State v. Lewis*, 30,536 (La.App.2d Cir.4/8/98), 711 So.2d 383, the defendant made an argument similar to that raised in the present case. The defendant pled guilty to drug related charges. After the plea,

---

[2] Louisiana Revised Statutes 14:2(13) provides the definition for a "crime of violence[,]" stating as follows:

> "Crime of violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. The following enumerated offenses and attempts to commit any of them are included as "crimes of violence":
>
> . . . .
>
> (gg) Aggravated second degree battery

Louisiana Revised Statutes 15:574.4(B) states, in relevant part:

> Notwithstanding any other provisions of law to the contrary, a person convicted of a crime of violence and not otherwise ineligible for parole shall serve at least eighty-five percent of the sentence imposed, before being eligible for parole.

the defendant discovered that he was not eligible for parole under La. R.S. 15:574.4 because he was a third felony offender. He appealed, arguing that his plea was not voluntary because he was not informed of his ineligibility for parole. This court held that the trial court did not have to inform the defendant that he was ineligible for parole because it was not part of the statute under which he pled guilty. In *State v. Lewis*, *supra*, this court stated:

> Defendant was . . . a third-felony offender. LSA-R.S. 15:574.4 A(1) provides, in pertinent part, that "[a] person convicted of a third or subsequent felony . . . shall not be eligible for parole." Thus, Defendant's ineligibility for parole arises from his status as a third-felony offender and not as a mandatory portion of the sentence to be imposed under the statute of conviction.
>
> Since Defendant is ineligible for parole due to his status as a third-felony offender rather than due to a mandate of the statute of conviction, the district court was not required to advise him of that ineligibility at the time it accepted his guilty plea.
>
> In *State v. Lewis*, *supra*, the defendant was denied parole eligibility due to his status as a third felony offender. In the present case, the defendant is required to serve 85 percent of his sentence of incarceration due to his status as a violent offender. The requirement that the defendant serve 85 percent of his sentence prior to parole eligibility upon conviction of a crime of violence stems from La. R.S. 15:574.4, rather than the aggravated battery statute, La. R.S. 14:34. Under *State v. Lewis*, *supra*, the trial court was not required to inform the defendant that he would not be eligible for parole until he served 85 percent of his sentence.

*Id.* at 866-67.

Because the trial court is only required to designate whether a defendant is entitled to parole under the statute of conviction, which in the present matter is La.R.S.14:34.7, the trial court was not required to inform the defendant that good time or parole would be barred under La.R.S. 15:574.4(B). Therefore, this assignment is without merit.

*Withdrawal of Guilty Plea*

For his next assignment, the defendant asserts that "[t]he trial court erred in not allowing the defendant to withdraw his plea of guilty as being knowing and voluntary when he was advised that he was to be given a probated sentence under [Louisiana] Code of Criminal Procedure Article 893 and then was sentenced to a term of imprisonment of 3 years at hard labor."

Louisiana Code of Criminal Procedure Article 559 states that "[t]he court may permit a plea of guilty to be withdrawn at any time before sentence." The withdrawal of a guilty plea is within the broad discretion of the trial court, and is subject to reversal only if that discretion is abused or arbitrarily exercised. *State v. Blanchard*, 00-1147 (La. 4/20/01), 786 So.2d 701.

The defendant in the instant matter filed his "Motion for Reconsideration of Sentence and in the Alternative, Withdrawal of Guilty Plea" after his sentencing. After the sentence has been imposed, a guilty plea may be withdrawn only if it is shown that the plea is constitutionally infirm. *State v. Filer*, 99-626 (La.App. 3 Cir. 9/20/00), 771 So.2d 700, *writ denied*, 00-2918 (La. 9/21/01), 797 So.2d 63.

> A guilty plea is invalid, or constitutionally infirm, when a defendant is induced to enter a plea of guilty by a plea bargain agreement, or what he reasonably or justifiably believes was a plea bargain agreement, and the terms of the bargain are not satisfied. *State v. Jones*, 546 So.2d 1343, 1346 (La.App. 3d Cir.1989); *State v. Taylor*, 535 So.2d 1229, 1230 (La.App. 3d Cir.1988), quoting *State v. Dixon*, 449 So.2d 463, 464 (La.1984). It is well settled that if a defendant's misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there is no ground for invalidating the guilty plea. *State v. Malmay*, 548 So.2d 71, 73 (La.App. 3d Cir.1989); *State v. Jones, supra.*
>
> It is also well settled that a misunderstanding between a defendant and counsel for defendant does not have the same implication as a breached plea bargain agreement, and this misunderstanding does not render the guilty plea invalid. *State v. Lockwood*, 399 So.2d 190

(La.1981); *State v. Johnson*, 533 So.2d 1288, 1292 (La.App. 3d Cir.1988), writ denied, 563 So.2d 873 (La.1990). In the absence of fraud, intimidation, or incompetence of counsel, a guilty plea is not made less voluntary or less informed by the considered advice of counsel. See, *State v. Johnson*, 461 So.2d 1259, 1261 (La.App. 1st Cir.1984).

*State v. Readoux*, 614 So.2d 175, 176-77 (La.App. 3 Cir. 1993). The Louisiana Supreme Court has distinguished between a misunderstanding regarding the plea bargain and a breach of a plea bargain, stating that "[a] misunderstanding does not have the same implications that a breached plea bargain has." *State v. Lockwood*, 399 So.2d 190, 193 (La.1981).

Defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. It is not unreasonable for the trial judge to refuse to allow defendant the luxury of gambling on what sentence he will be given, then withdrawing his plea if and when he can discover, without imposition, that the sentence is not to his liking.

*Id.* at 193 (quoting *State v. Deakle*, 372 So.2d 1221, 1222 (La. 1979)) (citations omitted).

The defendant's motion alleged that the trial court should have either re-sentenced him or allowed him to withdraw his guilty plea as being involuntary because he "was advised by his attorney that he was to be given a probated sentence as a result of the guilty plea" and because he "would not have entered the plea of guilty had he known that he was to be given a hard labor sentence."

At the hearing on the motion, the defendant's trial attorney, Andrew Vallien, testified for the defendant. Mr. Vallien said that he negotiated a plea deal with the district attorney. He further averred that he understood that the defendant would receive a probated sentence, although there was no agreement as to the number of years. Mr. Vallien also stated that there was a discussion about having the conviction

9

removed from the defendant's record pursuant La.Code Crim.P. art. 893.[3]  Next, Mr.

[3] Louisiana Code of Criminal Procedure Article 893 is titled "Suspension and deferral of sentence and probation in felony cases[,]" and states:

    A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. The court shall not suspend the sentence of a conviction for a crime of violence as defined in R.S. 14:2(13)(a), (b), (c), (d), (e), (i), (j), (k), (l), (m), (n), (o), (p), (q ), (r), (t), (v), (w), (x), (bb), (cc), or (dd), or of a second conviction if the second conviction is for a violation of R.S. 14:73.5, R.S.  14:81.1, or R.S. 14:81.2.  The period of probation shall be specified and shall not be less than one year nor more than five years.  The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.

    B. If the sentence consists of both a fine and imprisonment, the court may impose the fine and suspend the sentence or place the defendant on probation as to the imprisonment.

    C. Except as otherwise provided by law, the court shall not suspend a felony sentence after the defendant has begun to serve the sentence.

    D. (1)(a) When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph.  When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole.

    (b) The court shall not defer a sentence under this provision for an offense or an attempted offense which is defined or enumerated as a crime of violence under R.S. 14:2(13) or a sex offense as defined by R.S. 15:541(14.1), involving a child under the age of seventeen years or for a violation of the Uniform Controlled Dangerous Substances Law punishable by a term of imprisonment of more than five years or for a violation of R.S. 40:966(A), 967(A), 968(A), 969(A), or 970(A).

    (2) Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution.  The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses.  Dismissal under this Paragraph shall occur only once with respect to any person.

    E. Nothing contained herein shall be construed as being a basis for destruction of records of the arrest and prosecution of any person convicted of a felony.

Vallien asserted that he told the defendant and his family that his sentence would be probated, and he never mentioned to the defendant that he could end up with a hard labor sentence.

On cross-examination, Mr. Vallien admitted that the assistant district attorney had never promised to recommend a probated sentence and that, in fact, the prosecutor had said that he would not be involved in the defendant's sentencing. He also testified that the trial court had implied or stated that probation depended on the pre-sentence investigation report ("PSI"), which contained no negative information. However, Mr. Vallien stated that he only performed a cursory review of the PSI before the hearing because he was under the belief that the defendant would be receiving a suspended sentence, otherwise he said he would have traversed the information.

The defendant also testified at his guilty plea withdrawal hearing, confirming in his testimony that Mr. Vallien told him that he would receive a fine and a probated sentence if he pled guilty. The defendant further averred that he did not realize he was pleading guilty to a more severe crime than the one with which he was first charged. The defendant stated that neither the prosecutor nor the district court told him that he would receive a probated sentence. The defendant also stated that the State had dismissed the aggravated burglary charge, which carries up to a thirty year sentence, because he pled guilty to aggravated second degree battery.

The parties stipulated that the defendant's mother would give the same testimony as the defendant. In support of its argument, the defense entered transcripts of the *Boykinization* and the sentencing hearings into the record and requested that

the district court take judicial notice of the chamber conference as well as whatever the trial court could recall of the case.

Jimmy White, the assistant district attorney who had prosecuted the defendant, then testified on the State's behalf. Mr. White stated that he told Mr. Vallien that he was not in a position to recommend a probated sentence because of the wishes of the victim's family. Mr. White also stated that, while in his presence, the trial court did not ever imply or say that the defendant would receive a probated sentence if the PSI did not show a prior criminal history. Mr. White further confirmed that the State dismissed the aggravated burglary charge against the defendant in exchange for his guilty plea. He testified that the charge was amended to give the defendant an opportunity to have a probated sentence, because neither charge on the original bill of information is subject to probation under La.Code Crim.P. art. 893. He said that, at the time of the plea, a conviction for aggravated second degree battery could have resulted in a probated sentence because it was a new crime not yet barred from probation by La.Code Crim.P. art. 893.

After considering the testimony presented at the hearing together with the information contained in the transcripts of the guilty plea and sentencing hearings, the district court denied the defendant's motion. The trial judge stated that he did not know the details surrounding the defendant's charge or the defendant's criminal record at the guilty plea hearing and that, he "believed the implication was probation was not even possible if you had a prior record, that if he did not have a prior record probation was possible, and that was the court's understanding of the amended bill of information[.]" However, the trial judge stated that when he received the PSI and

12

learned of the severity of injuries sustained by the victim, he felt that the three-year sentence was just.

The defendant argues on appeal that he was never advised that he would be given a sentence at hard labor, and that both he and his defense counsel understood that pursuant to the plea agreement, he would receive a probated sentence in exchange for his guilty plea. However, our review of the record indicates that the following exchange took place between the assistant district attorney and the trial court during the defendant's guilty plea hearing:

> BY MR. WHITE: And Your Honor, that . . . the state is . . . uh . . . specifically agreeing, in otherword, [sic] have . . . stay out of any sentencing. That I understand a pre-sentence investigation . . .

> BY THE COURT: Investigation will be ordered.

> BY MR. WHITE: . . . is going to be ordered by the court, delving into Mr. Roe's background and the background of this situation, and that whatever recommendation is in that PSI is going to be the court's decision. This plea in [sic] going to be under the auspices of 893, I believe. The defense is asking for . . .

> BY THE COURT: Okay.

> BY MR. WHITE: The state has no position on that.

> BY THE COURT: I have . . . . assuming it comes back, assuming it comes back that he's eligible for it. The PSI will tell me that.

Later during the hearing the trial court asked the defendant if he understood that the count he was pleading guilty to "carries a fifteen years at hard labor and/or a ten thousand dollar fine?" The defendant responded affirmatively. The defendant also answered, "Yes, sir[,]" when the trial court asked, "Do you understand that you are authorizing this court to impose the . . . maximum sentence allowed by law without benefit of delay?"

The defendant also alleges in his appellate brief that even if there was no plea agreement for a probated sentence, he was clearly relying on such an agreement. He cites to *State v. Berry*, 31,861 (La.App. 2 Cir. 3/31/99),732 So.2d 638, and *State v. Bates,* 29,252 (La.App. 2 Cir. 1/22/97), 711 So.2d 281, for the premise that a guilty plea must be set aside as not having been made knowingly where a defendant reasonably believes that there is a plea agreement and the terms of that plea agreement were not satisfied, even if no such bargain ever existed. However, the second circuit qualified that premise in *Bates* by stating, "[w]here a defendant's misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there are no grounds for withdrawal of the plea." *Bates*, 711 So.2d at 283.

Instead, we find the Louisiana Supreme Court's consideration of a similar argument in *Lockwood*, 399 So.2d 190, instructive. Lockwood argued that the trial court should have granted his motion to withdraw his guilty plea because he pled guilty based on the belief that he would receive probation and a suspended sentence. *Lockwood*, 399 So.2d at 192. His belief arose from his trial attorney's mistaken inference that the defendant, a sex offender, would be placed on probation if he submitted to psychiatric treatment and did not work with young people in the future. *Id.* The supreme court found no merit in Lockwood's argument, stating "[t]he contention that both defendant and counsel were mistaken does not constitute reversible error or render the guilty plea not 'free and voluntary.'" *Id.* at 193.

In the instant matter, our review of the record reveals that the defendant was clearly informed of the maximum penalty for one count of aggravated second degree battery, that he could be subject to that maximum penalty, and that the State would

not be making any recommendations regarding probation as part of the plea agreement. If the defendant or his counsel did misunderstand the agreement, the defendant has failed to demonstrate that either the prosecutor or the trial court induced his misunderstanding. Consequently, the trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea. This assignment has no merit.

## DECREE

For the foregoing reasons, Roy D. Roe's conviction for one count of aggravated second degree battery in violation of La.R.S. 14:34.7 is affirmed, and the trial court is instructed to inform Roy D. Roe of the provisions of La.Code Crim.P. art. 930.8 by sending him appropriate written notice within ten days of the rendition of this opinion and to file written proof that Roy D. Roe received the notice in the record of the proceedings.

**AFFIRMED. REMANDED WITH INSTRUCTIONS.**