STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-228


STATE OF LOUISIANA

VERSUS

STETSON GILLIAM


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, DOCKET NO. 55,738
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.


AFFIRMED;
REMANDED WITH INSTRUCTIONS.



Brent Hawkins
Louisiana Appellate Project
Post Office Box 3752
Lake Charles, Louisiana 70602-3752
(337) 502-5146
COUNSEL FOR DEFENDANT/APPELLANT:
    Stetson Gilliam

**Michael Harson**
**District Attorney – Fifteenth Judicial District**
**Monique L. Kolder**
**Assistant District Attorney**
**100 North State Street, Suite 215**
**Abbeville, Louisiana  70510**
**(337) 898-4320**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, Defendant, Stetson Gilliam, was convicted by a jury of possession of a firearm by a convicted felon and a lesser included offense of simple battery. Defendant only appeals his possession of a firearm by a convicted felon conviction, alleging insufficiency of the evidence and an error patent relative to post-conviction relief. For the following reasons, we affirm Defendant's conviction.

## FACTS

As set forth in the testimony at trial, the victim, Timothy Decuir, was visiting a friend, Christine Williams, at her home in Abbeville, Louisiana, in the late hours of September 23, 2012, and early morning hours of September 24, 2012. During that span of time, while exiting the Williams' home to move his truck, the victim was approached by three men, one of whom was Defendant. One of the men hit the victim. The victim stated that he noticed that Defendant had a gun, and, when he tried to run to escape the fray, Defendant hit him with the gun, causing him to bleed. The victim also stated that after being struck with the gun, he heard gunshots; however, Defendant and his two companions had left the immediate area.

The gun was not recovered. The victim's testimony was corroborated by Ms. Williams. Defendant's mother, Juanita Leblanc, who lived nearby, testified that she saw her son and others in a fight and that "no one had a gun."

Abbeville police officer Trent Guidry testified that he was patrolling the area and heard shots fired. He then received a call reporting a battery at the Williams' house. Upon arrival, he saw and interviewed the victim, who advised that an altercation between him and three men had occurred and that he had been hit in the

face with a gun. Officer Guidry also stated that he went to Defendant's residence and recovered three nine-millimeter casings from his backyard.

According to the testimony of Kelly Hardy, Defendant's probation officer, Defendant had previously been convicted of a felony. Proof of Defendant's prior conviction was introduced into evidence.

## PROCEDURAL BACKGROUND

On October 4, 2012, the State filed a bill of information charging Defendant with one count of aggravated battery and one count of possession of a firearm by a convicted felon, violations of La.R.S. 14:34 and La.R.S. 14:95.1 respectively. Defendant's jury trial commenced on June 11, 2013. Defendant was convicted of the lesser included offense of simple battery and possession of a firearm by a convicted felon. Defendant was sentenced to six months in the parish jail for his conviction of simple battery and fifteen years at hard labor for his conviction of possession of a firearm by a convicted felon. The sentences were ordered to run concurrently. Defendant's motion to reconsider sentence was denied.

## ASSIGNMENTS OF ERROR

Defendant only appeals his conviction for possession of a firearm by a convicted felon and assigns the following errors:

ASSIGNMENT[ ] OF ERROR NO. 1: The evidence presented at trial was insufficient to find the Appellant guilty of the offense of [a] felon in possession of a firearm because the State failed to prove Appellant had a firearm in his possession.

ASSIGNMENT OF ERROR [NO. 2]: The trial court committed error patent by failing to advise Appellant he had two years from the time his sentence became final in which to file an application for post-conviction relief.

ASSIGNMENT OF ERROR NO. 3: The trial court committed error patent by allowing a verdict where the record is absent of evidence of an essential element of the offense.

2

## ERRORS PATENT and ASSIGNMENT OF ERROR NUMBER TWO

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find an actionable error patent as set forth in Defendant's second assignment of error.

In assignment of error number two, Defendant alleges that the trial court erred in failing to properly advise him of the time in which to seek post-conviction relief. Defendant requests that he be notified in writing of the appropriate prescriptive period in which to file for post-conviction relief.

At sentencing, the trial court stated, "you have two years, sir, within which to file motions for post-conviction relief." Louisiana Code of Criminal Procedure Article 930.8(A)(emphasis added) states that the defendant has "two years *after the judgment of conviction and sentence has become final*" to seek post-conviction relief. Since the advisement was insufficient and has been raised as an error, we order the trial court to fully inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending written notice to Defendant within thirty days of the rendition of this opinion that he has "two years after the judgment of conviction and sentence has become final" to seek post-conviction relief and to file written proof that Defendant received the notice in the record of the proceedings. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE

In these assignments of error, Defendant basically argues that the State's evidence at trial was insufficient to support his conviction. The analysis for such insufficiency claims is well-settled:

When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

The relevant statute, La.R.S.14:95.1(A) (footnote omitted), states, in pertinent part: "It is unlawful for any person who has been convicted of a crime of violence . . . to possess a firearm or carry a concealed weapon." Defendant argues the State failed to prove that the object in his hand was a firearm. However, the victim and Ms. Williams identified the object in Defendant's hand as a gun.

Defendant argues:

There was absolutely no testimony, or evidence otherwise, presented at trial that the purported gun[] that was in Stetson's hand was in fact a firearm. Appellate counsel concedes there was testimony to support the position that Stetson had, at the very least, something in his hand[,] an object that looked like a gun. However, because no gun was ever recovered from the crime scene, from Stetson's person or from his home[,] and because no person ever testified they saw Stetson shoot a gun[,] the State had no evidence to present he was ever in possession of a firearm as required by the statute.

This argument differs from Defendant's argument at trial which suggested that he possessed no gun at all. When presenting his case, Defendant put his mother on

4

the witness stand, and she testified that "no one had a gun." Our brethren in the fourth circuit in a case involving La.R.S. 14:95.1 held:

> [I]n evaluating a defendant's challenge to the sufficiency of evidence, we are restricted to those theories of defense actually put forward to the trier of fact. *See State v. Juluke*, 98-0341, pp. 4-5 (La.1/8/99), 725 So.2d 1291, 1293-1294 (per curiam). In other words, a defendant may not develop a new theory on appeal and demonstrate that the circumstantial evidence was insufficient to negate the new theory. *Id*.

*State v. Hamdan*, 13-113, p. 10 (La.App. 4 Cir. 12/11/13), 131 So.3d 197, 203, *writ denied*, 14-51 (La. 6/13/14), 140 So.3d 1188.

This court has also followed *Juluke*:

> We note that at trial, Defendant's attorney stated in pertinent part: "We are willing to stipulate that [R.G.] was assaulted. I will do that right now. We're just talking about who did it." However, on appeal, Defendant challenges whether or not the offenses occurred.
>
> In *State v. Duvall*, 97-2173 (La.App. 1 Cir. 12/28/99), 747 So.2d 793, *writ denied*, 00-1362 (La.2/16/01), 785 So.2d 838, the court was faced with a similar issue wherein the defendant attempted to present a defense both alternative to and inconsistent with the defense he presented in the trial court. The court held in pertinent part:
>
>> Upon review, the supreme court [in *State v. Juluke*, 98-0341, pp. 4-5 (La.1/8/99), 725 So.2d 1291], reversed the Fourth Circuit, noting:
>>
>>> The *Jackson* standard also does not provide a defendant with a means of splitting alternative and inconsistent defenses in different forums, raising one defense before the jury and when that fails, a second defense [presupposing] a different set of facts in an appellate court conducting sufficiency review under *Jackson* and [La.Code Crim.P.] art. 821(E).
>>
>> [*State v. Juluke*, 98-341, pp. 4-5 (La.1/8/99), 725 So.2d 1291, 1293].
>>
>> . . . .

> To permit him to argue the defense on appeal would violate the above holding of *Juluke* and allow him the unfair advantage of urging a defense that the State had no reason to challenge.
>
> . . . .
>
> Defendant's defense on appeal is inconsistent with the defense that he presented at trial because a defense that a shooting was committed in sudden passion or heat of blood is inconsistent with a defense that a shooting was accidental. In the former instance, an intent to fire the weapon exists, while in the latter instance, no such intent is present.
>
> . . . .
>
> For the foregoing reasons, the argument that the offense was manslaughter, rather than second degree murder, is not properly before this court and will not be considered.

*Id.* at 799-800.

> In the instant case, at trial, Defendant's counsel stipulated to the rape and challenged the identification of Defendant as the offender. On appeal, Defendant's appellate counsel challenges whether or not aggravated burglary and forcible rape occurred. Thus, in accordance with *Duvall*, 747 So.2d 793, we find that this issue is not properly before this court and will not be considered.

*State v. Anderson*, 11-106, pp. 6-7 (La.App. 3 Cir. 6/1/11), 66 So.3d 568, 573-74, *writ denied*, 11-1493 (La. 9/23/11), 69 So.3d 1167. In light of the foregoing jurisprudence, Defendant's new argument will not be considered.

Defendant has also alleged that "the record is absent of evidence of an essential element of the offense." He argues that the State offered no evidence that the object he possessed met the statutory definition of a firearm as set forth in La.R.S. 14:95.1(D) which states, in pertinent part, that a "'firearm' means any pistol, revolver, rifle, shotgun, machine gun, submachine gun, black powder

6

weapon, or assault rifle which is designed to fire or is capable of firing fixed cartridge ammunition or from which a shot or projectile is discharged by an explosive." He asserts that no gun was recovered and that the State failed to prove the object in his hand was a firearm for purposes of the statute.

The record reveals that the victim and his girlfriend both testified that Defendant had a gun in his hand. The victim specifically stated that Defendant hit him in the face with the gun, that the gun was silver in color, and that after the incident was over, he heard three gunshots. Also, Officer Guidry testified that he was patrolling the area at the time, that he heard gunshots, and that he found three nine-millimeter casings in Defendant's backyard. The lone fact that the State was unable to retrieve and produce the gun does not render the evidence at trial insufficient to find Defendant guilty of the offense of possession of a firearm by a convicted felon.

Viewing all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that Defendant possessed a firearm (gun) after having been previously convicted of a felony. Further, "[i]t is well-settled that a jury is free to believe some, none, or all of any witness's testimony." *State v. Perkins*, 11-955, p. 10 (La.App. 3 Cir. 3/7/12), 85 So.3d 810, 817. We find that the State submitted sufficient evidence to prove that Defendant possessed a "firearm" for purposes of La.R.S. 14.95.1(D).

**DISPOSITION**

Defendant's conviction of possession of a firearm by a convicted felon is affirmed. However, we remand this matter to the trial court with instructions to fully inform Defendant of the provisions of La.Code Crim.P. art. 930.8, as set forth

7

herein, by sending written notice to Defendant within thirty days of the rendition of this opinion and to file written proof of same in the record.

**AFFIRMED;**
**REMANDED WITH INSTRUCTIONS.**