NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1088

STATE OF LOUISIANA

VERSUS

LEON JOSEPH DUFFY

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR117476
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.

CONVICTION AND SENTENCED AFFIRMED WITH
INSTRUCTIONS;  MOTION TO WITHDRAW GRANTED.

Cynthia Simon
Assistant District Attorney
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
Counsel for Appellee:
    State of Louisiana

**Annette Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
    **Leon Joseph Duffy**

**DECUIR, Judge.**

On October 31, 2007, the Defendant, Leon Joseph Duffy, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. Pursuant to a plea agreement, the Defendant pled guilty to the charge. As part of the plea agreement, the parties agreed to a twelve-year hard labor sentence, without benefit of parole, probation or suspension of sentence, to run consecutively with any other sentence he was serving. Additionally, as a condition of his plea, the Defendant agreed to the voluntary revocation of his parole in an unrelated docket number. Lastly, the State agreed not to charge the Defendant as a multiple offender.

The Defendant was sentenced on April 27, 2009 to serve twelve years at hard labor, with credit for time served. The sentence was ordered to be served without benefit of parole, probation or suspension of sentence and to run consecutively to any other sentence he was serving. The Defendant did not file a motion to reconsider sentence.

Appellate counsel has filed a motion to withdraw as attorney of record and an *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) brief, alleging that the record contains no errors which would support reversal of the Defendant's conviction and sentence. For the following reasons, we affirm the Defendant's conviction and sentence and grant the motion to withdraw.

## FACTS:

At the Defendant's guilty plea hearing, the State established that on August 12, 2007, the Defendant robbed the victim at a Cracker Barrel in Lafayette, Louisiana, while armed with a screwdriver.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. In the instant case, both the court minutes and the sentencing transcript indicate the Defendant was told he had two years to file for post-conviction relief. The guilty plea form states that the Defendant has two years from *that date* to file any applications for post-conviction relief. Counsel notes in her brief that the trial court insufficiently advised the Defendant that he had two years to file for post-conviction relief without stating that the two years began once the judgment of conviction and sentence became final. Although counsel concedes this would not be a ground for appeal, she contends the Defendant should be notified of the time limitations as required by law.

According to La.Code Crim.P. art. 930.8, the two-year prescriptive period for filing an application for post-conviction relief begins to run when the defendant's conviction and sentence become final under the provisions of La.Code Crim.P. arts. 914 or 922. Thus, the trial court is directed to inform the Defendant of the correct prescriptive period of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

**_ANDERS_ ANALYSIS:**

Pursuant to *Anders*, 386 U.S. 738, the Defendant's appellate counsel has filed a brief stating she has made a conscientious and thorough review of the trial court

2

record and could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument and the transcripts. The Defendant was properly charged in a bill of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, the Defendant received a legal sentence that was in conformity with his plea agreement.

We have found no issues which would support an assignment of error on appeal. Therefore, Defendant's conviction and sentence are affirmed and counsel's motion to withdraw is granted. Further, we direct the trial court to inform the

Defendant of the correct prescriptive period of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof of the Defendant's receipt of the notice in the record of these proceedings.

**CONVICTION AND SENTENCED AFFIRMED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

4

**09-1088**

**STATE OF LOUISIANA**
        **Plaintiff-Appellee**

**VERSUS**

**LEON JOSEPH DUFFY**
        **Defendant-Appellant**

On Appeal from the Fifteenth Judicial District Court, Docket Number 117476, Parish of Lafayette, State of Louisiana, Honorable Marilyn C. Castle, Judge.

## **O R D E R**

After consideration of appellate counsel's request to withdraw as counsel and the appeal presenting pending in the above captioned matter:

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this ____ day of _____, 2010.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge John D. Saunders

_____
Judge Oswald A. Decuir

_____
Judge Billy H. Ezell