# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## KA10-809


**STATE OF LOUISIANA**

**VERSUS**

**PEDRO JOSE RELOBA**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 13140-06
HONORABLE ROBERT LANE WYATT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS
JUDGE**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy H. Ezell, and Shannon J. Gremillion, Judges.


**CONVICTION AND SENTENCE AFFIRMED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**

**John F. DeRosier**
**District Attorney - Fourteenth  JDC**
**Carla Sue Sigler**
**Assistant District Attorney  - Fourteenth  JDC**
**P.O. Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**707 Julia Street**
**Rayville, LA 71269**
**(318) 728-2043**
**COUNSEL FOR APPELLANT:**
      **Pedro Jose Reloba**

**Cooks, Judge.**

On July 6, 2006, a grand jury indicted Pedro Jose Reloba (Defendant) charging him with one count of second degree murder, a violation of La.R.S. 14:30.1. Defendant entered pleas of not guilty and not guilty by reason of insanity on July 24, 2006. The trial court ordered a sanity commission, and a sanity hearing was held on September 27, 2006. The trial court ordered Defendant transferred to the Feliciana Forensic Facility for an evaluation.

A sanity review was conducted on March 25, 2009; the trial court found Defendant was competent to proceed to trial. An interpreter was furnished for Defendant at the hearing. Defendant pled not guilty and elected to be tried by a jury.

Trial, with an interpreter for Defendant, took place on September 16-18, 2009. The jury unanimously convicted Defendant of second degree murder after twenty-one minutes of deliberation. Defendant's motion for new trial was denied, with an interpreter present, on February 5, 2010. On that date, the trial court, after Defendant waived sentencing delays, sentenced Defendant to life imprisonment without the benefit of probation, parole, or suspension of sentence, as required by statute. La.R.S. 14:30.1.

At the hearing on the motion for new trial on February 5, 2010, newly-appointed counsel for Defendant sought a new trial arguing ineffective assistance of counsel alleging the previous trial counsel failed to introduce any evidence in support of Defendant's insanity defense. The trial court and the State assert Defendant entered only a plea of not guilty, without a dual plea of not guilty by reason of insanity, at the sanity hearing. The record also indicates trial counsel suggested, at the hearing of the motion for new trial, that he told Defendant of the possibility he was not given due process regarding his transfer from the mental hospital to the jail. Nothing, however, was preserved in the record in the trial court that would permit an

appeal related to that issue. The trial court denied the motion for new trial.

Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no errors to support reversal of Defendant's conviction and sentence in this matter. After a thorough review of the record we find no non-frivolous issues for appeal in this matter. Accordingly, we affirm Defendant's conviction and sentence and grant counsel's motion to withdraw.

**FACTS**

Defendant voluntarily appeared at the Calcasieu Parish Sheriff's Department on the morning of May 13, 2006, and on his own accord told deputies he killed his girlfriend. Defendant told authorities he wrapped a portion of a bicycle tube around her neck twice and killed her by strangulation. He appeared calm, not intoxicated, and related his actions and whereabouts after the murder. Defendant spoke in both English and Spanish with a Spanish-speaking interpreter present.

**ERRORS PATENT**

In accordance with La Code Crim. P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find an error patent regarding the advisement of the prescriptive period of La.Code Crim.P. art. 930.8.

At the end of the sentencing hearing, the trial court stated, in pertinent part: "You have two years from the rendition of the judgment and conviction and sentencing to file for post-conviction relief." According to La.Code Crim.P. art. 930.8, the two-year prescriptive period begins to run when the defendant's conviction and sentence become final under the provisions of La.Code Crim.P. Article 914 or 922. The trial court's advisement did not clearly set forth the prescriptive period of art. 930.8, thus, it must inform Defendant of the correct prescriptive period by sending appropriate written notice to Defendant within ten days of the rendition of

2

this opinion. Additionally, the trial court must file written proof in the record that Defendant received the notice. *State v. Roe*, 05-116 (La. App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

*ANDERS* **ANALYSIS**

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel filed a brief stating he could find no errors on appeal that would support reversal of Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

While it is not necessary for Defendant's counsel to "catalog tediously every merit less objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit," counsel's *Anders* brief must "assure the court that the indigent defendant's constitutional rights have not been violated." *State v. Jyles*, 96-2669 (La.12/12/97), 704 So.2d 241, (quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902 (1988)). Counsel

3

must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.* Thus, counsel's *Anders* brief must review the procedural history, the evidence presented at trial and "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *Id.* at 242 (quoting *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177).

Counsel states he, in review of the record, "studied and researched any possible errors for review, including: the validity of Defendant's competence; errors in jury selection; the qualifications of expert witnesses; jury selection errors; trial errors; jury charge errors; verdict errors; sufficiency of the evidence; errors in the allegations that a new trial should have been granted; and sentencing errors." This review revealed no non-frivolous grounds for appeal to counsel.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts, and have confirmed the statements by counsel. Defendant was properly charged in his bill of information. He was present and represented by counsel, with an interpreter, at all crucial stages of the proceedings. The jury composition and form of verdict were correct. Defendant's sentence complies with the statutorily-mandated sentence, and review of the transcripts in the record provides only frivolous issues for appeal.

At the sanity commission hearing on March 25, 2009, defense counsel acknowledged Defendant met the criteria of *State v. Bennett*, 345 So.2d 1129 (La.1977) and was competent to stand trial. Prior to the onset of trial, on September 16, 2009, defense counsel objected to the court's finding of voluntariness regarding

4

statements made by Defendant. The first was Defendant's verbal statement given to Deputy Casey Williamson on May 13, 2006 (that he killed his girlfriend on the previous night). However, the record showed Defendant "walked into the [Sheriff's] office," identified himself to Deputy Williamson, and told him "last night he killed his girlfriend 'cause she had been cheating on him." Defendant appeared calm and not intoxicated as he made that spontaneous statement.

The next statement to which defense counsel objected was videotaped by Detectives Les Blanchard and Nelson Robles while Defendant described the murder in detail. The detectives communicated with Defendant in both Spanish and English and obtained his signature on Miranda rights forms in both languages. Defendant appeared to understand the waiver of his rights when it was read to him in English, and he said he understood "perfectly" when it was read to him in Spanish. Defense counsel admitted the detectives "were very thoughtful in their—in the gathering of evidence here," but lodged "an objection *pro forma*" "just in case [he] missed something."

Counsel then objected to the voluntariness of a second statement to Detective Robles and Detective Brent Young in which Defendant spoke about how he disposed of the victim's belongings. Detective Robles read Defendant his rights, and Defendant appeared to understand them just as well as he did when he gave his first statement. At that time, he signed another waiver of his rights in Spanish. Defense counsel did not "have information that would indicate that there was anything improper or that that statement was not voluntary," but objected to its admissibility because he did not know "that [he had] enough information not to object at [that] point." Based on the record, we find that any appeal regarding the objections relating to voluntariness would be frivolous.

5

At trial, defense counsel objected to the denial of his challenge for cause of Juror Miller, but was able to exercise a peremptory challenge to excuse her from the jury. Defense counsel used all of his peremptory challenges, but accepted the next two potential jurors without objection to complete the panel.

Only one defense objection, concerning the admission into evidence of three autopsy photographs of the victim's body, was overruled by the trial court. Defense counsel argued he "was not sure that [the photographs] have any probative value" because the defense had conceded the mechanism of the victim's death. The State argued it had selected "the least graphic and the least horrific, gruesome" photographs in order to display the victim's injuries.

Defense counsel did not object, however, to the admission of the State's exhibits seven and eight, which showed the victim's body lying where it was discovered. While the autopsy photographs may have been cumulative when considered with the other photographs, defense counsel did not argue their potentially cumulative nature and has not shown any prejudice resulted from their admission into evidence.

This court has held the probative value of autopsy photographs outweighs any prejudicial effect they may have. *State v. Gilbert*, 10-31 (La.App. 3 Cir. 6/2/10), 41 So.3d 566. The *Gilbert* defendant stipulated to the cause of death and argued the photographs were unnecessary and prejudicial. This court held such photographs "are admissible to prove corpus delicti, to corroborate other evidence establishing cause of death, as well as location and placement of wounds and to provide positive identification of the victim," and "will be admitted unless [they are] so gruesome as to overwhelm jurors' reason and lead them to convict without sufficient other evidence." *Id.* at 573 (quoting *State v. Broaden*, 99-2124, pp. 22-23 (La. 2/21/01),

6

780 So.2d 349, 364, *cert. denied*, 534 U.S. 884, 122 S.Ct. 192 (2001) (citations omitted)).

Here, the jury was presented with overwhelming evidence of Defendant's guilt. The jury saw portions of a videotaped interview in which Defendant described the details before, during, and after the murder, and he confessed to strangling the victim to death. We find the verdict would have been exactly the same without the objectionable photographs in evidence, and any argument on appeal to the contrary would be frivolous.

We find no issues which would support an assignment of error on appeal. Therefore, counsel's motion to withdraw is granted. However, we find the trial court's advisement did not clearly set forth the prescriptive period of Article 930.8. Thus, we order the trial court to inform Defendant of the correct prescriptive period by sending appropriate written notice to Defendant within ten days of the rendition of this opinion. Additionally, we order the trial court to file written proof in the record that Defendant received the notice.

**CONVICTION AND SENTENCE AFFIRMED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**

10-809

STATE OF LOUISIANA

    Plaintiff-Appellee

VERSUS

PEDRO JOSE RELOBA

    Defendant-Appellant

On Appeal from the Fourteenth Judicial District Court, Docket Number 13140-06, Parish of Calcasieu, State of Louisiana, Robert Lane Wyatt, Judge.

### **O R D E R**

    After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

    **IT IS HEREBY ORDERED** that appellate counsel's motion to withdraw is granted.

    **THUS DONE AND SIGNED** this _____ day of _____, 2011.

                         **COURT OF APPEAL, THIRD CIRCUIT**

                         _____
                         **Judge Sylvia R. Cooks**

                         _____
                         **Judge Billy H. Ezell**

                         _____
                         **Judge Shannon J. Gremillion**