# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 07-254


**STATE OF LOUISIANA**

**VERSUS**

**HERBERT DAVENPORT, JR.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 2003T1768
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.


**AFFIRMED WITH INSTRUCTIONS.**


**James Edward Beal**
**Louisiana Appellate Project**
**P. O. Box 307**
**Jonesboro, LA 71251-0307**
**(318) 259-2391**
**Counsel for Defendant:**
**Herbert Davenport, Jr.**

**Michael Harson**
**District Attorney**
**15ᵗʰ Judicial District Court**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for State of Louisiana**

**Richard Johnson Putnam, III.**
**Assistant District Attorney**
**15th Judicial District Court**
**P.O. Box 175**
**Abbeville, LA 70511-0175**
**(337) 898-4320**
**Counsel for State of Louisiana**

**SAUNDERS, Judge.**

This court previously found as follows:

> The State of Louisiana (state) charged the defendant by bill of information with a violation of La.R.S. 14:100. After a two-day trial, which began on July 12, 2005, a jury convicted the defendant of the charge. The trial court then ordered the preparation of a presentence investigation report and set sentencing for November 9, 2005. On that date, the trial court sentenced the defendant to serve seven and one-half years at hard labor. After the trial court rejected his December 6, 2005 motion to reconsider his sentence, the defendant perfected [an] appeal, asserting two assignments of error.

*State v. Davenport*, 06-363, p. 2 (La.App. 3 Cir. 9/27/06), 941 So.2d 629, 630-31.

The Defendant, Herbert Davenport, Jr., appealed his sentence, alleging that it was excessive. This court did not reach the excessiveness issue, but vacated the sentence and remanded the matter to the trial court because the trial court based the sentence, in part, on improper considerations. *Id*.

On December 11, 2006, the trial court resentenced the Defendant and ordered him to serve five years at hard labor. A Motion for Appeal and Designation of Record was filed on December 12, 2006.

The Defendant now comes before this court asserting one assignment of error. Specifically, the Defendant contends his sentence is excessive. We disagree.

**FACTS:**

At approximately 2:00 a.m. on Saturday, September 27, 2003, the Defendant was driving a vehicle south on U.S. Highway 167 (hereinafter "U.S. 167") in or near Maurice, Vermilion Parish, Louisiana. Ross Plowden accompanied the Defendant and was sitting in the front passenger seat. The two men had been together since early Friday afternoon and were returning from a trip to Lafayette, Louisiana. As the two men traveled the highway, the Defendant accidentally struck and killed a

pedestrian, Cliff R. Gaspard. It is this accident that gave rise to the criminal charge now before us.

At the point where the Defendant struck Gaspard, U.S. 167 is a four-lane highway with the north and south travel lanes separated by a median. Visibility in the early morning hours of September 27, 2003, was impaired by ground fog, and the accident occurred when the Defendant, who was proceeding south in the outside lane of U.S. 167, swerved to the inside lane to avoid a collision with another vehicle which had turned in front of him. When the Defendant entered the inside lane, he immediately encountered Gaspard walking in the middle of the lane. He swerved back toward the outside lane to avoid hitting Gaspard, but, for some unexplained reason, Gaspard turned in the direction of the swerving vehicle and was struck. The Defendant regained control of his vehicle and stopped on the side of U.S. 167, and he and Plowden began a futile search for the victim. After failing to find the victim, the two men abandoned the search and left the scene of the accident without reporting the incident to any law enforcement authority.

At approximately 6:45 a.m. that same morning, Dallas E. Landry discovered Gaspard's body in the highway median approximately thirteen feet from the edge of the highway and immediately reported his discovery to law enforcement officials. That evening, after seeing a television report concerning the accident, the Defendant turned himself in to law enforcement authorities and subsequently gave an oral statement concerning his involvement in the incident.

**ERRORS PATENT:**

2

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find one error patent.

Upon review of the proceedings to date, we find that the Defendant was not apprised at the trial court level of the time limitation for filing an application for post-conviction relief, as mandated by the provisions of La.Code Crim.P. art. 930.8. Accordingly, this court orders the trial court to inform the Defendant of the provisions of article 930.8 by sending appropriate written notice to the Defendant within thirty days of the rendition of the opinion, and to file written proof that the Defendant received such notice in the record of the proceedings. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## ASSIGNMENT OF ERROR:

In his only assignment of error, the Defendant contends that his sentence of five years at hard labor was excessive and not in accordance with the factors to be considered for sentencing. The Defendant specifically argues that his sentence is excessive considering the facts of the case and his status as a first offender, and he asserts that he should have received a suspended sentence and probation instead. He asks this court to amend the sentence imposed by suspending the incarceration and imposing a period of supervised probation.

The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993)

3

(quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Nevertheless, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. "Maximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043 (1996).

In the instant case, the Defendant argues that the trial court abused its discretion in sentencing him to five years at hard labor. We disagree. As discussed above, our jurisprudence instructs this court not to deem as excessive a sentence imposed within statutory limits unless we find a manifest abuse of the trial court's broad discretion in imposing a sentence. *Pyke*, 670 So.2d 713. Here, the statutory penalty for criminal hit-and-run driving is a fine of not more than five thousand dollars, or imprisonment with or without hard labor for not more than ten years, or both. La.R.S. 14:100. Thus, because the sentence imposed by the trial court falls within statutory limits, this court must not disturb that sentence absent the trial court's manifest abuse of discretion.

The Defendant argues that the driving conditions on the night in question and his efforts to locate Mr. Gaspard after the accident represent mitigating factors meriting a lesser sentence, yet as we stated when this case first came before us, "[T]he

4

fact that an individual is involved in an accident does not give rise to the criminal charge. Rather, criminal culpability is based on the individual's action or inaction after the accident." *Davenport*, 941 So.2d at 631. "The problem with 'hit-and-run' driving is not just the colliding, which is usually unintentional, but with the fleeing, which is usually intentional." Jonathon R. Cohen, *The Immortality of Denial*, TUL. L. REV., Mar. 2005, at 931. When the hit-and-run scenario involves a collision with a pedestrian rather than another automobile, the legislative purpose of R.S. 14:100—i.e., protecting and aiding persons involved in accidents—has particular applicability. A pedestrian may be left lying on the highway in imminent danger of being hit by yet another vehicle, or lying off the highway in need of aid where he cannot be seen by passing motorists, who are thus unable to render aid themselves. The penalty provision of 14:100 is intended to prevent either of these undesirable consequences of leaving the scene of an accident. Thus, the foggy conditions that occasioned the accident itself do little to mitigate the Defendant's culpability, as it was the Defendant's subsequent flight from the scene that actually gave rise to the criminal charge now before us. Further, notwithstanding the good faith with which the Defendant may have searched for Mr. Gaspard after the accident, the record nonetheless indicates that the Defendant discontinued the search and thereafter abandoned his efforts to assist Mr. Gaspard in any way. Additionally, the Defendant failed to notify law enforcement of the occurrence. Although the Defendant eventually turned himself in to the police later that evening, whatever chances at survival Mr. Gaspard may have had following the collision expired long before Mr. Davenport did so. Where the driver of a vehicle involved in a hit-and-run accident neglects his duty to render reasonable aid or to notify the authorities, the possibility

5

that the victim of such an accident will experience additional harm becomes more of a likelihood. "The corollary to 'what is harmful to you, do not do to others' is simple: if you have harmed another, take responsibility for it." *Id.* at 932. Accordingly, we find that the trial court did not commit a manifest abuse of its discretion in sentencing the Defendant, and thus we affirm.

## CONCLUSION:

Because this court does not regard the Defendant's sentence to be a manifest abuse of the trial court's discretion, we affirm.

As discussed above, this court also directs the trial court to inform the Defendant of the provisions of article 930.8 by sending appropriate written notice to the Defendant within thirty days of the rendition of the opinion, and also to file written proof that the Defendant received the notice in the record of the proceedings.

**AFFIRMED WITH INSTRUCTIONS.**