CLARENCE E. McMANUS, Judge.
[ 2Pefendant, Antoinette Williams, pled guilty to distribution of cocaine in violation of LSA-R.S. 40:967(A). Defendant was sentenced to eight years with the Department of Corrections, the first two years being without benefit of parole, probation, or suspension of sentence. The sentence was to run concurrent with any other sentence defendant was presently serving.[1] This appeal followed.[2]
*444 The pertinent facts were deduced from the bill of information, the waiver of rights form, and the guilty plea colloquy because the defendant entered a plea of guilty and did not proceed to a trial on the merits.
Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[3] appointed appellant counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.
lain State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines, there are no non-frivolous issues for appeal, it may affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant a motion to withdraw and appoint substitute appellant counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could-find no non-frivolous issues to raise on appeal. In her brief, appellate counsel notes that there were no issues preserved. for review, the proposed sentence was stated before the guilty plea was accepted, and the conviction and sentence was informed.
The State agrees with appellate counsel and also submits that she has shown a conscientious and thorough review and recitation of the procedural history of the case. Additionally, the State points out that appellate counsel was correct in her *445 ^contention that defendant did not preserve any issues for appellate review, the sentence was informed, and there was no material evidence that questions the fairness of the proceedings.
Appellate counsel has attached to her brief a letter which reflects that she notified defendant that she filed an Anders brief and explained to her that she has a right to file a pro se brief in the appeal. Additionally, this Court sent defendant a letter by certified mail informing her that an Anders brief had been filed and that she had until October 12, 2011, to file a pro se supplemental brief. Defendant did not file a brief.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When an Anders brief is filed, the appellate court reviews: 1) the bill of information/indictment to ensure the defendant was properly charged, 2) all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct, and the sentence is legal, 8) all pleadings in the record, and 4) all transcripts to determine if any ruling provides an arguable basis for appeal. Bradford, 95-929, 676 So.2d at 1110-11.
In conducting this review, there does not appear to be any arguable basis for appeal. Defendant was properly charged by a bill of information. Defendant was also present at all crucial stages of the proceedings. Defendant was advised of and waived her Boykin[4] rights, which included a right to a jury trial, then pled guilty to the bill of information.[5] Her guilty plea and sentence were part of a plea bargain. Her sentence was legal as authorized by LSA-R.S. 40:967(A). Moreover, a | .^defendant cannot seek review of a sentence imposed in conformity with a plea agreement. LSA-C.Cr.P. art. 881.2(A)(2) and State v. Washington, 05-211, p. 5 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Additionally, a review of the transcripts does not reveal any basis for appeal.
We also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
The commitment reflects that defendant is to serve her sentence at hard labor; although the transcript is silent. With regard to the discrepancy between the transcript and the commitment, the transcript generally prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). However, the trial court in the instant case ordered defendant to the serve her sentence with the Department of Corrections. Because LSA-R.S. 15:824(C) provides that “only individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Public Safety and Corrections,” we find that it is clear that the trial judge intended to sentence defendant to hard labor. As the commitment already reflects that defendant was sentenced to hard labor, no corrective action is necessary.
In conclusion, appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify *446 any basis for a non-frivolous appeal. Furthermore, an independent review of the record supports counsel’s assertion. We therefore affirm defendant’s conviction and sentence.

AFFIRMED

. The transcript also reflects that the defendant was also sentenced to six months in parish prison for a misdemeanor possession of marijuana conviction, which was to run concurrently to the sentence in the instant case.

. In the present case, defendant pled guilty and was sentenced on June 20, 2011. At that time, defendant did not make an oral motion for appeal. Defendant subsequently filed a written pro se motion for appeal on July 21, 2011, which was granted by the trial court, and the Louisiana Appellate Project was assigned to the case. Thus, defendant’s motion *444 for appeal appears untimely. LSA-C.Cr.P. art. 914. Normally, an apparently untimely appeal would be dismissed to allow a defendant to properly seek reinstatement of appeal rights by an APCR. However, under the circumstances of the matter before us, we will consider the merits of the appeal. Because the State did not object to any procedural irregularities in the ordering of the out-of-time appeal, and the trial court granted the appeal appointing the Louisiana Appellate Project,- a dismissal of this appeal to allow defendant time to properly seek reinstatement of appeal rights would only prolong the delay without serving any useful purpose. As such, we find this appeal is properly before this Court. State v. Stewart, 10-389, p. 3 (La.App. 5 Cir. 5/10/11), 65 So.3d 771, 774, writ denied, 09-1407 (La.3/5/10), 28 So.3d 1003; State v. Babineaux, 08-705 (La.App. 5 Cir. 1/13/09), 8 So.3d 621.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Turner, 09-1079, pp. 7-8 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459, (citing State v. Wingerter, 05-697, pp. 5-6 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 665).

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653, So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.