NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**16-842**

**STATE OF LOUISIANA**

**VERSUS**

**KENTON DAWNE GREEN**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 15748-15
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.

**AFFIRMED.**

**John F. DeRosier**
**District Attorney - Fourteenth Judicial District Court**
**Carla S. Sigler**
**Assistant District Attorney**
**Elizabeth B. Hollins**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana  70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana  70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Kenton Dawne Green**

**CONERY, Judge.**

On June 12, 2015, Defendant, Kenton Dawne Green, was charged by bill of information with hit and run driving involving serious bodily injury or death, in violation of La.R.S. 14:100(C)(2); failure to report an accident, in violation of La.R.S. 32:398(A); and driving under suspension, in violation of La.R.S. 32:415. Defendant pled not guilty to the crimes charged. Soon thereafter, the State dismissed the failure to report an accident and driving under suspension charges. On April 1, 2016, a jury found Defendant guilty as charged with hit and run driving involving serious bodily injury. Defendant was sentenced to seven years with the Department of Public Safety and Corrections with credit for time served.

Defendant did not appeal his conviction and only argues that his sentence is constitutionally excessive. For the following reasons, we affirm Defendant's sentence.

## FACTS AND PROCEDURAL HISTORY

On March 5, 2015, while driving down Opelousas Street in Lake Charles, Louisiana, Defendant drove around a recreational vehicle (RV) that was parked on the side of the road and struck Mr. Dustin Devillier. Mr. Devillier impacted the windshield of Defendant's car causing one of Mr. Devillier's keys to fall onto Defendant's dashboard. Defendant's girlfriend, Rakisha Rideaux, testified that it was clear that Defendant had struck a person and she asked him to stop, but he panicked and refused.

As a result of the collision, Mr. Devillier suffered a fractured tibia, a fractured fibula, a fractured glenoid cavity, and a fractured clavicle. Mr. Devillier has endured multiple surgeries since the accident, spent about four months in a wheelchair, spent another two months walking with a cane, and was starting to be

able to rehabilitate his shoulder at the time of trial. Mr. Devillier also testified that he still has a sore knee and sore leg when he walks.

Defendant admitted that he hit Mr. Devillier, but that he did not call the police or otherwise report the accident. Defendant also claimed that he did not stop because at the time he did not know he had hit a human being. However, Defendant also claimed that he was unaware that one of the victim's keys had ended up inside his car and had no explanation of how this could have happened. Further, Defendant blamed Mr. Devillier for the accident, claiming that there should have been cones around the RV to let people know that the RV was not moving, and that Mr. Devillier should have seen him.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is one error patent.

The record before this court does not indicate that the trial court advised Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Therefore, the trial court is directed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of the opinion and to file written proof in the record that Defendant received the notice. *See State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## STATE'S INDETERMINATE SENTENCE CLAIM

In its brief, the State claims that Defendant received an indeterminate sentence under La.Code Crim.P. art. 879, because the trial court did not specify

whether or not Defendant's sentence was to be served with or without hard labor. We find that there is nothing indeterminate regarding Defendant's sentence.

The trial court specifically sentenced Defendant to "seven years in the Department of Public Safety and Corrections." Under La.R.S. 15:824(C), "only individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Public Safety and Corrections." Louisiana courts have frequently held that when a Defendant's sentence is ordered to be served with the Department of Public Safety and Corrections, that sentence is understood to be served "at hard labor," even if the court does not specifically state such. *See State v. Williams*, 11-881 (La.App. 5 Cir. 3/27/12), 91 So.3d 442; *State v. Upchurch*, 00-1290 (La.App. 5 Cir. 1/30/01), 783 So.2d 398. Accordingly, Defendant's sentence is not indeterminate, and there is no need to remand to the trial court for resentencing.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant argues that his seven year sentence is constitutionally excessive as it "makes no measurable contribution to acceptable goals of punishment and is nothing more than the needless imposition of pain and suffering for him, his family, and to Louisiana taxpayers who pay over $50 per day, close to $20,000 per year, to house an inmate in prison." Noting first that the cost of housing Defendant is not relevant to Defendant's claim, we recognize the State's objection that Defendant should be precluded from appealing his sentence, or at best should be limited to a bare excessiveness review.

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

3

A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.

. . . .

E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Louisiana courts have laid out the following guidelines with regard to excessive sentence review:

Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-

4

433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958[, *cert. denied*, 96-6329, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

At sentencing, Defendant made a contemporaneous objection to his sentence. However, Defendant never filed a motion to reconsider the sentence imposed by the trial court, as required by La.Code Crim.P. art. 881, and he has waived his right to seek review of his sentence. However, we will review Defendant's sentence for bare excessiveness in the interest of justice. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, 562 U.S. 1150, 131 S.Ct. 932 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352; *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, *writ denied*, 09-606 (La. 12/18/09), 23 So.3d 936; *State v. Quinn*, 09-1382 (La.App. 3 Cir. 5/12/10), 38 So.3d 1102, *writ denied*, 10-1355 (La. 1/7/11), 52 So.3d 885.

In reviewing sentencing claims for bare excessiveness, our court has provided that the reviewing court should consider, "(1) the nature of the crime; (2)

the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts." *State v. Thomas*, 08-1358, p. 4 (La.App. 3 Cir. 5/6/09), 18 So.3d 127, 130 (citing *State v. Morain*, 07-1207, pp. 5-6 (La.App. 3 Cir. 4/2/08), 981 So.2d 66, 70).

Hit and run is a general intent crime, and therefore requires no more intent than the actual act of failing to stop when involved in or having caused an accident. *See State v. Williams*, 03-3514 (La. 12/13/04), 893 So.2d 7. Further, there was testimony from the only person in the vehicle aside from Defendant that it was clear he had hit a person and that she tried to get Defendant to stop, but that he refused. The crime of hit and run is a serious one and involved in this case serious bodily injury to the victim.

Defendant has six prior felony convictions and was forty-three years old at the time of trial. During sentencing, the trial court specifically noted that while a minor or suspended sentence might have been appropriate for a first offender, the trial court found that "since he has reached adulthood, there does not appear to be any significant time where Mr. Green has not been involved in some form of criminal activity, and that I find very aggravating in trying to figure out what his sentence is."

The trial court also found that while Defendant showed remorse, he showed it for himself and the situation in which he found himself, not for the pain and suffering of Mr. Devillier. Finally, the court found that any sentence without incarceration "would depreciate [sic] the impact of this crime and it would not be a just result," and that Defendant needed to be in "a custodial correctional-kind of environment, and society is in need of [Defendant] to be in a custodial-kind of correctional environment."

Lastly, we look to sentences imposed for similar crimes. Defendant cites *State v. Rogers*, 07-276 (La.App. 3 Cir. 10/3/07), 966 So.2d 1212; *State v. Alexander*, 34,328 (La.App. 2 Cir. 12/6/00), 774 So.2d 1089; *State v. Davenport*, 07-254 (La.App. 3 Cir. 10/3/07), 967 So.2d 563; and *State v. Williams*, 03-3514 (La. 12/13/04), 893 So.2d 7.

In *Rogers*, the defendant pled guilty to the lesser offense of negligent homicide, which carried a five-year maximum sentence, and received three and one-half years at hard labor. At the time of the accident, the defendant was driving the victim and her young son home when he crashed while driving approximately ninety miles-per-hour. The victim's body was burned beyond recognition. After the accident, the defendant brought the child to his grandparents' house and left him on the porch. The defendant never called the police to report the accident or the location of the child. The defendant in *Rogers* accepted a negotiated plea agreement, which cut in half his time of incarceration of seven years. The defendant's sentence in *Rogers* of three and one-half years, though one-half of Defendant's sentence in the case *sub judice*, was imposed as a result of the negotiated plea agreement in that case.

Likewise in *Alexander*, the defendant's fast and reckless driving led to the death of the victim. Again, defendant negotiated a plea agreement in which the State agreed to a sentencing cap of five years. So, while Defendant argues that the defendant in *Alexander* technically received a lesser sentence, the defendant actually received a maximum sentence under his plea agreement.

In *Davenport*, this court upheld a five year sentence for a defendant who initially tried to find the pedestrian he hit but then abandoned the search and fled the scene. This court specifically noted that "our jurisprudence instructs this court

7

not to deem as excessive a sentence imposed within statutory limits unless we find a manifest abuse of the trial court's broad discretion in imposing a sentence." *Davenport*, 967 So.2d at 565.

In *Williams*, the defendant was sentenced to the same seven-year sentence as Defendant. The defendant in *Williams* caused a wreck that cost a woman her life but did not actually hit anyone. He had prior convictions for driving while intoxicated (DWI) and multiple lesser offenses related to his driving. The trial court found that he had acted recklessly and expressed no remorse for his actions.

We find that *Williams* most closely aligns with the circumstances of the instant case. While there is no evidence that Defendant has prior convictions for DWI, the trial court specifically noted at sentencing that Defendant has a lengthy and continuous history of run-ins with law enforcement, including six prior felony convictions. Additionally, as in *Williams*, the trial court found that Defendant had no remorse or sympathy for the suffering of the actual victim, but rather, he simply felt remorse that he was now in trouble for his actions.

Looking at the other cases cited by Defendant, we find that Defendant's seven-year sentence represents seventy percent of the maximum penalty. The defendant in *Rogers* also received seventy percent of the maximum penalty since his plea deal reduced his potential exposure from ten years to five years. In *Alexander*, the defendant actually received the maximum possible penalty under his sentencing cap. *Davenport* is the case cited by Defendant wherein the defendant received a lower percentage of the maximum applicable sentence than Defendant. However, as recognized by the supreme court in *Cook*, 674 So.2d at 959, this court looks at whether the trial court abused its discretion, "not whether another sentence might have been more appropriate." In light of the findings of the

trial court and considering Defendant's extensive criminal history and the suffering of the victim, we find that the trial court did not abuse its discretion in sentencing Defendant to a mid-range sentence of seven years. Accordingly, Defendant's sentence is affirmed.

## DISPOSITION

Defendant's sentence is affirmed. However, the trial court is directed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of the opinion and to file written proof in the record that Defendant received the required notice.

**AFFIRMED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.** Uniform Rules—Courts of Appeal, Rule 2-16.3.